IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

**HENRY J. APPLEWHITE, Chapter 7 Trustee**     **APPELLANT**

v.     **CASE NO. 1:13CV83-NBB**

**CARRINGTON MORTGAGE SERVICES, LLC and**
**WELLS FARGO BANK, N.A.**     **APPELLEES**

## MEMORANDUM OPINION

Presently before the court is the appeal from bankruptcy court filed by Henry J. Applewhite, Chapter 7 Trustee. Upon due consideration of the parties' filings and supporting and opposing authority, the court is ready to rule.

*Factual and Procedural Background*

On October 7, 2005, Jennifer Gardner ("Debtor") and Willie Gardner obtained a loan from New Century Mortgage Corporation and executed an Adjustable Rate Note. The Note was endorsed in blank by New Century. The indebtedness evidenced by the Note was secured by real property located in Lee County, Mississippi, described in a Deed of Trust from the Debtor and Willie Gardner to The Weir Law Firm, Trustee for New Century. The Deed of Trust was recorded on October 17, 2005, in Lee County, Mississippi and was never assigned.

Pursuant to an agreement with New Century, Wells Fargo, and a depositor, Carrington Mortgage Services now services the Note for Wells Fargo and is currently in possession of the Note.

Debtor initiated a Chapter 7 Proceeding on December 16, 2010. On September 27, 2011, Trustee Applewhite commenced an adversary proceeding to avoid the Deed of Trust. Carrington

and Wells Fargo filed a motion to dismiss the Trustee's complaint, which the United States Bankruptcy Court granted.

In its Order of Dismissal, the bankruptcy court determined that "[a]lthough the Deed of Trust has never been assigned, this does not affect its validity and any holder of the Note may enforce the Deed of Trust. Thus the Trustee cannot avoid the Deed of Trust and bring the real property identified therein into the bankruptcy estate." Order of Dismissal, at 4. Trustee Applewhite now appeals the Bankruptcy Court's ruling.

*Standard of Review*

This court serves as an appellate court when reviewing a bankruptcy court's decision pursuant to 28 U.S.C § 158. *See Webb v. Reserve Life Ins. Co.*, 954 F,2d 1102, 1103 (5th Cir. 1992). A bankruptcy court's findings of fact shall not be set aside unless clearly erroneous, while conclusions of law are reviewed *de novo*. Fed. R. Bankr. P. 8013; *see also Matter of U.S. Abatement Corp.*, 79 F.3d 393, 397 (5th Cir. 1996). The parties agree that the appeal before the court involves questions of law, and therefore the court will employ the *de novo* standard of review.

*Discussion*

Applewhite presents the following issues for the court's review: (1) Whether the Bankruptcy Court erred in its Order of Dismissal; (2) Whether the holder of the Note associated with a Deed of Trust that was never assigned to said holder may enforce the Deed of Trust; and (3) Whether the Trustee can avoid such Deed of Trust never assigned to the holder of the associated Note and bring the real property identified therein into the bankruptcy estate.

The court's consideration of potential error on behalf of the Bankruptcy Court in dismissing the Trustee's complaint to avoid and/or set aside lien, recover property, and for other relief encompasses Applewhite's remaining issues.

Trustee Applewhite maintains that the Bankruptcy Court erred in dismissing his complaint because Wells Fargo is not a "person entitled to enforce" the Note under Mississippi law. Appellees Carrington and Wells Fargo contend that the Trustee has waived his right to challenge the Bankruptcy Court's judgment because relief was sought pursuant to 11 U.S.C. § 544 and this section does not contemplate holder identity, but merely considers whether the Trustee had notice of another secured interest in the property.

The court finds this argument is without merit. The Trustee's Complaint states as part of Count I that "Defendant Wells Fargo never had physical possession of the original Note, therefore, there was no negotiation of the Note. Without negotiations of the Note, Defendant Wells Fargo is not a holder. Because Defendant Wells Fargo is not a holder, it is not entitled to enforce the Note. § 75-3-104, § 75-1-201(20), § 75-3-201(a) and (b), and § 75-3-301 Miss. Code Ann. 1972." Thus, the court will not deem the issue waived.

Finding that Trustee Applewhite preserved the issue, the court now considers whether Wells Fargo is a holder of the Note. Trustee Applewhite relies on definitions from the Mississippi Code in support of his contention that Wells Fargo is not a holder of the Note and therefore, cannot enforce it.

Mississippi law defines "holder" as "(A) [t]he person in possession of a negotiable instrument that is payable either to bearer or to an identified person that is the person in

possession; or (B) [t]he person in possession of a document of title if the goods are deliverable either to bearer or to the order of the person in possession." Miss. Code. Ann. § 75-1-201.

A "'person entitled to enforce' an instrument means (i) the holder of the instrument, (ii) a nonholder in possession of the instrument who has the rights of a holder, or (iii) a person not in possession of the instrument who is entitled to enforce the instrument pursuant to Section 75-3-309 or 75-3-418(d). . . . Miss. Code. Ann. § 75-3-301. Trustee Applewhite concludes that because Carrington, not Wells Fargo, is in possession of the Note, the bank cannot enforce the Note.

Appellees rely on the UCC Comment to Mississippi Code's statute on negotiation for the proposition that Mississippi law authorizes constructive possession of a Note through an agent. Courts may "'look to official comments about uniform laws, when those laws have been adopted all but verbatim by the [L]egislature, as the most informed source explaining provisions of the original enactment.'" *See National Bank of Commerce v. Shelton*, 27 So.3d 444, 448-49 (¶ 10) (Miss. 2009) (quoting *Holifield v. BancorpSouth, Inc.*, 891 So.2d 241, 248 (¶ 28) (Miss. Ct. App. 2004)). There is no variation between Mississippi's version of 3-201 and the UCC version, therefore, the court finds the official comment of the UCC instructive.

The UCC comment provides, *inter alia*, that " nobody can be a holder without possessing the instrument, either directly or through an agent." Miss. Code. Ann. § 75-3-201 U.C.C. cmt. 1. It is undisputed that Carrington, as servicer of the loan, is the agent for Wells Fargo. Since Wells Fargo's agent Carrington has actual possession of the Note, the court finds that Wells Fargo so too possesses the Note, constructively.

4

The court now turns to the issue of whether the failure to assign the Deed of Trust prevents enforcement under Mississippi law.[1]

The Mississippi Supreme Court has determined that when "the mortgage and the note[] are sufficiently connected . . . [t]he assignment of the note[] operate[s] as assignment of the mortgage also." *Holmes v. McGinty*, 44 Miss. 94 (Miss. 1870). Mississippi case law further provides that "the assignment of the note carries with it the mortgage, which is a mere incident to the debt, and the assignee of the note is entitled to resort to the mortgage and all other securities, which were given for the purpose of assuring its payment, as its incidents. *Lindsey v. Bates*, 42 Miss. 397, 400 (Miss. Err. & App. 1869). Thus, "under Mississippi case law, which is consistent with general principles of mortgage law, the mortgage follows the note." *Kirby v. Bank of America, N.A.*, No. 2:09-cv-182-DCB-JMR, 2012 WL 1067944, at *4 (S.D. Miss. Mar. 29, 2012) (citing Restatement (Third) of Property (Mortgages) § 5.4).[2]

There is no express provision requiring assignment of the Deed of Trust under Mississippi law and this court declines to impose such a requirement. Like the Bankruptcy Court, this court sees no limitations on the holder of the Note enforcing the Deed of Trust that was never assigned.

---

[1] Trustee Applewhite argues that Mississippi law requires assignment of the Deed of Trust, while citing case law from other state courts and circuits. The only Mississippi law cited by the Trustee is inapplicable to the issue before the court as it details requirements in the event a Deed of Trust is assigned, not a mandate that it be assigned. *See* Miss. Code Ann. § 89-5-15.

[2] The court notes that Mississippi law is further consistent with the Uniform Commercial Code. *See* U.C.C. § 9-203 ("A security interest attaches to collateral when it becomes enforceable against the debtor with respect to the collateral, unless an agreement expressly postpones the time of attachment.")

Further, the Deed of Trust may not be avoided by the Trustee pursuant to 11 U.S.C. § 544 because the Deed of Trust was perfected and enforceable against a bona fide purchaser at the time of the Debtor's bankruptcy filing and the Trustee had constructive notice of the Deed of Trust through its recording. *See In re Martin*, 276 B.R. 552, 557-61 (N.D. Miss 2001); *see also* Miss. Code Ann. §§ 89-3-1, -5-1. Therefore, the Bankruptcy Court did not err in finding that the Trustee cannot bring the real property into the bankruptcy estate.

*Conclusion*

For the foregoing reasons, the court finds that the Order of Dismissal entered by the United States Bankruptcy Court for the Northern District of Mississippi should be **AFFIRMED** and this appeal **DISMISSED**. A separate order in accord with this opinion will issue this day.

This, the 28th day of March, 2014.

/s/ Neal Biggers
**NEAL B. BIGGERS, JR.**
**UNITED STATES DISTRICT JUDGE**